# EXHIBIT A

**SUMMONS**

Attorney(s) <u>Jeffrey W. Herrmann, Esq.</u>

Office Address <u>Cohn Lifland Pearlman Herrmann & Knopf</u>

Town, State, Zip Code <u>250 Pehle Ave., Suite 401</u>

<u>Park 80 W-Plaza One</u>

Telephone Number <u>(201)845-9600</u>

Attorney(s) for Plaintiff <u>County Concrete Corporation et al.</u>

County Concrete Corporation, John

Crimi, et al.

　　　　Plaintiff(s)


　　vs.

Bramshill Investments, LLC,

Capitale Investments, LLC et al.

　　　　Defendant(s)

# Superior Court of
# New Jersey

<u>Bergen</u>　　　　County

<u>Law</u>　　　　Division

Docket No: <u>L-2292-23</u>


# CIVIL ACTION
# SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

　　The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

　　If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

　　If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.njcourts.gov.

　　　　　　　　　　　　　　　　　　/s/Michelle Smith
　　　　　　　　　　　　　　　　　　Clerk of the Superior Court

DATED: <u>05/02/2023</u>

Name of Defendant to Be Served: <u>MG Trust Company d/b/a Matrix Trust Company</u>

Address of Defendant to Be Served: <u>Corporation Svc Co., R.A., 1900 W. Littleton Blvd, Littleton, CO 80120</u>

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
*Jeffrey W. Herrmann, Esq. (ID# 019311976)*
*Joseph B. Brown, Esq. (ID# 015811977)*
Attorneys for Plaintiffs
Park 80 West - Plaza One
250 Pehle Ave., Ste. 401
Saddle Brook, New Jersey 07663
(201) 845-9600
Our File:  41,085-0

| | |
|---|---|
| COUNTY CONCRETE CORPORATION UNION PENSION PLAN FOR HOURLY EMPLOYEES, JOHN CRIMI, INDIVIDUALLY AND AS TRUSTEE OF THE COUNTY CONCRETE CORPORATION UNION PENSION PLAN FOR HOURLY EMPLOYEES, AND TRACEY CRIMI, <br><br>          Plaintiffs, <br> -vs- <br><br> BRAMSHILL INVESTMENTS, LLC, CAPITALE INVESTMENTS LLC, JOHN KITTANEH and MG TRUST COMPANY, d/b/a MATRIX TRUST COMPANY, <br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: BERGEN COUNTY DOCKET NO.: <br><br> CIVIL ACTION <br><br> **COMPLAINT AND DEMAND FOR JURY** |

      Plaintiffs, County Concrete Corporation Union Pension Plan for Hourly Employees, John Crimi, Individually and as Trustee of the County Concrete Corporation Union Pension Plan for Hourly Employees, and Tracey Crimi, by and through their attorneys, Cohn Lifland Pearlman Herrmann & Knopf LLP, by way of Complaint, say:

## **PARTIES**

1.   Plaintiff, County Concrete Corporation Union Pension Plan for Hourly Employees (the "**Pension Plan**"), is a pension plan which is qualified under Section 401(a) of the Internal Revenue Code of 1986, as amended, and is maintained and sponsored by County Concrete Corporation, whose principal office is 50 Railroad Avenue, Kenvil, New Jersey 07847.

2.   Plaintiff, John Crimi, is the husband of the plaintiff, Tracey Crimi, and he resides at 41 Beavers Road, Califon, New Jersey 07830.   Mr. Crimi is the Chief Executive Officer and President of, and he is also a shareholder in, County Concrete Corporation, and he is the Trustee of the Pension Plan.

3.   Plaintiff, Tracey Crimi, is the wife of the plaintiff, John Crimi, and she resides at 41 Beavers Road, Califon, New Jersey 07830.

4.   Defendant, Bramshill Investments, LLC ("**Bramshill**"), at all relevant times herein, had a principal office located at 411 Hackensack Avenue, 9th Floor, Hackensack, New Jersey 07601. Bramshill was an asset management firm and a registered investment adviser.

5.   Defendant, Capitale Investments LLC ("**Capitale**"), has a principal office located at 54 Oak Street, Ridgewood, New

2

Jersey 07450. Capitale is a registered investment advisory firm which specializes in wealth management.

6. At all relevant times herein, defendant, MG Trust Company, d/b/a Matrix Trust Company, f/k/a Wilmington Trust Retirement and Institutional Services Company (**"Matrix Trust"**), has a principal office located at 717 17th Street, Denver, Colorado 80202. Matrix Trust has acted as the Trustee of the Trust established as part of, or with respect to, the Pension Plan, and in such capacity, provided supervisory and investment advice in connection with the investments of the plaintiff Pension Plan.

7. At all relevant times herein, defendant, John Kittaneh (**"Kittaneh"**), was a registered investment adviser with either Bramshill or Capitale. In connection with the latter, he was also the founder and chief investment officer. Also, at all relevant times herein, he acted in the regular course of business of defendants Bramshill or Capitale, within the scope of his employment, representation and/or agency, within the scope of his authority, and for the benefit of Bramshill, Capitale and himself.

## FIRST COUNT
## (Negligence - Defendants, Bramshill and Kittaneh)

8. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if fully set forth herein.

9. In or about April or May, 2014, the plaintiffs opened discretionary accounts with Bramshill, which accounts were fully and completely managed, controlled and directed by defendant Kittaneh.

10. In connection with the foregoing, defendant Kittaneh purchased and sold, with full, complete, and absolute discretion, investments in and for the plaintiffs' accounts.

11. Notwithstanding the mandate that these investments should be growth and/or income in nature, defendant Kittaneh purchased investments for the plaintiffs' accounts that were highly speculative.

12. As a result of the conduct aforesaid of said defendants in purchasing investments that were not suitable for the investment goals and objectives of the plaintiffs, defendants, Bramshill and Kittaneh, acted negligently and breached the standard of due care that they owed to the plaintiffs.

13. As a direct and proximate result of the negligence of defendants, Bramshill and Kittaneh, the plaintiffs have

4

sustained substantial damages in all of their accounts because of declines in the value of the speculative investments.

14. In addition, the plaintiff, John Crimi, as the Trustee of the Pension Plan, sustained substantial damages because he had personal liability for funding obligations to the Pension Plan which resulted from the losses sustained by the Pension Plan as the result of the conduct aforesaid of defendants, Bramshill and Kittaneh.

**WHEREFORE,** Plaintiffs, Pension Plan, John Crimi and Tracey Crimi, demand Judgment against Defendants, Bramshill Investments, LLC, and John Kittaneh, jointly and severally, for compensatory, incidental and consequential damages, together with interest, costs of suit and attorneys' fees.

## SECOND COUNT
## (Negligence - Defendants, Capitale and Kittaneh)

15. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if fully set forth herein.

16. Defendant Kittaneh founded and created defendant Capitale in or about November, 2015.

17. At or about that time, or shortly thereafter, the plaintiffs closed their discretionary accounts with, or at the defendant Bramshill firm, and opened discretionary accounts with or at defendant Capitale.

18. The plaintiffs' discretionary accounts at Capitale were fully, completely and totally managed by defendant Kittaneh.

19. In connection with the foregoing, defendant Kittaneh purchased and sold, with full, complete and absolute discretion, investments in and for the plaintiffs' accounts.

20. Notwithstanding the mandate that these investments should be growth and/or income in nature, defendant Kittaneh purchased investments for the plaintiffs' accounts that were highly speculative.

21. As a result of the conduct aforesaid of said defendants in purchasing investments that were not suitable for the investment goals and objectives of the plaintiffs, defendants, Capitale and Kittaneh, acted negligently and breached the standard of due care that they owed to the plaintiffs.

22. As a direct and proximate result of the negligence of defendants, Capitale and Kittaneh, the plaintiffs have sustained substantial damages in all of their accounts because of declines in the value of the speculative investments.

23. In addition, the plaintiff, John Crimi, as the Trustee of the Pension Plan, sustained substantial damages because he had personal liability for funding obligations to the Pension Plan which resulted from the losses sustained by the Pension

Plan as the result of the conduct aforesaid of defendants, Capitale and Kittaneh

**WHEREFORE**, Plaintiffs, Pension Plan, John Crimi and Tracey Crimi, demand Judgment against Defendants, Capitale Investments, LLC, and John Kittaneh, jointly and severally, for compensatory, incidental and consequential damages, together with interest, costs of suit and attorneys' fees.

## THIRD COUNT
### (Negligent Supervision - Defendant, Matrix Trust)

24. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if fully set forth herein.

25. Among the duties that defendant, Matrix Trust, owed to plaintiff Pension Plan was to reasonably, properly and appropriately supervise the actions and conduct of defendants Bramshill, Capitale and Kittaneh, with respect to the investments purchased for, and sold in, the discretionary investment accounts of plaintiff, Pension Plan.

26. Defendant, Matrix Trust, acted negligently and breached the standard of due care which it owed to Plaintiff, Pension Plan, in connection with its supervision of the aforesaid defendants regarding the investments purchased and sold in the discretionary accounts of the plaintiff, Pension Plan.

7

27. As a direct and proximate result of the negligence aforesaid of defendant, Matrix Trust, plaintiff, Pension Plan, has sustained substantial damages in all of its accounts because of declines in the value of the speculative investments.

28. In addition, the plaintiff, John Crimi, as the Trustee of the Pension Plan, sustained substantial damages because he had personal liability for funding obligations to the Pension Plan which resulted from the losses sustained by the Pension Plan as the result of the conduct aforesaid of defendant, Matrix Trust.

**WHEREFORE,** Plaintiff, Pension Plan, demands Judgment against Defendant, Matrix Trust, for compensatory, incidental and consequential damages, together with interest, costs of suit and attorneys' fees.

### FOURTH COUNT
### (Breach of Fiduciary Duties – Defendants Bramshill, Capitale and Kittaneh)

29. Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if fully set forth herein.

30. Defendants, Bramshill, Capitale and Kittaneh, maintained complete, total and absolute control over the investments of the plaintiffs in their discretionary accounts.

8

31. As the result thereof, these defendants owed to the plaintiffs various and sundry fiduciary duties, including, but not limited to:

    (a)  the duty to disclose all material, known risks in the purchase or sale of each investment;

    (b)  the duty to make suitable investment decisions predicated upon the customer and its investment goals and objectives;

    (c)  the duty to purchase an investment only after studying it significantly;

    (d)  the duty not to misrepresent any material fact with respect to any investment;

    (e)  the duty to act in the best interests of the customer; and

    (f)  general duties of fair dealing and loyalty.

32. These duties were breached by the defendants, Bramshill, Capitale and Kittaneh, for the reasons set forth and described hereinabove.

33. The plaintiffs placed their complete confidence and trust in these defendants and their agents, representatives and employees, including defendant Kittaneh, to properly and appropriately manage their investments in their discretionary accounts, and there has been a breach of the fiduciary duties aforesaid to the detriment of these plaintiffs.

9

34.  As a direct and proximate result of said defendants' breaches of their fiduciary duties, the plaintiffs have sustained substantial damages in all of their accounts because of declines in the value of the speculative investments.

35.  In addition, the plaintiff, John Crimi, as the Trustee of the Pension Plan, sustained substantial damages because he had personal liability for funding obligations to the Pension Plan which resulted from the losses sustained by the Pension Plan as the result of the conduct aforesaid of defendants, Bramshill, Capitale and Kittaneh.

**WHEREFORE**, Plaintiffs, Pension Plan, John Crimi and Tracey Crimi, demand Judgment against Defendants, Bramshill Investments, LLC, Capitale Investments, LLC, and John Kittaneh, jointly and severally, for compensatory, incidental and consequential damages, together with interest, costs of suit and attorneys' fees.

## FIFTH COUNT
### (Breach of Fiduciary Duties – Defendant, Matrix Trust

36.  Plaintiffs repeat and reallege each and every allegation contained in the previous paragraphs as if fully set forth herein.

37.  Defendant, Matrix Trust, maintained complete, total and absolute control over the investments of the plaintiff, Pension Plan, in its discretionary accounts and the supervision thereof.

38. As the result thereof, defendant, Matrix Trust, owed the plaintiff, Pension Plan, various and sundry fiduciary duties, including, but not limited to:

(a)  the duty to disclose all material, known risks in the purchase or sale of each investment;

(b)  the duty to make suitable investment decisions predicated upon the customer and its investment goals and objectives;

(c)  the duty to purchase an investment only after studying it significantly;

(d)  the duty not to misrepresent any material fact with respect to any investment;

(e)  the duty to properly and appropriately supervise the investment decisions made by defendants, Bramshill, Capitale and Kittaneh;

(f)  the duty to act in the best interests of the customer; and

(g)  general duties of fair dealing and loyalty.

39. These duties were breached by the defendant, Matrix Trust, for the reasons set forth and described hereinabove.

40. The plaintiff, Pension Plan, placed its complete confidence and trust in defendant, Matrix Trust, and its agents, representatives and employees, to properly and appropriately manage, and supervise the purchase and sale of, its investments

11

in its discretionary accounts, and there has been a breach of the fiduciary duties aforesaid to the detriment of this plaintiff.

41. As a direct and proximate result of defendant, Matrix Trust's, breaches of its fiduciary duties, the plaintiff, Pension Plan, has sustained substantial damages in all of the accounts because of declines in the value of the speculative investments.

42. In addition, the plaintiff, John Crimi, as the Trustee of the Pension Plan, sustained substantial damages because he has personal liability for fiduciary obligations to the Pension Plan which resulted from the losses sustained by the Pension Plan as the result of the conduct aforesaid of defendant, Matrix Trust.

**WHEREFORE**, Plaintiff, County Concrete Corporation Union Pension Plan for Hourly Employees, demands Judgment against Defendant, MG Trust Company, for compensatory, incidental and consequential damages, together with interest, costs of suit and attorneys' fees

<div style="margin-left: 40%;">

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Attorneys for Plaintiffs,
County Concrete Corporation Union
Pension Plan for Hourly Employees,
John Crimi and Tracey Crimi

BY: /s/Jeffrey W. Herrmann
Jeffrey W. Herrmann
A Member of the Firm

</div>

Dated: May 1, 2023

<div style="text-align: center;">12</div>

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, the Court is hereby advised that Jeffrey W. Herrmann, Esq. is designated as trial counsel.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues.

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Attorneys for Plaintiffs,
County Concrete Corporation Union
Pension Plan for Hourly Employees,
John Crimi and Tracey Crimi

BY: /s/Jeffrey W. Herrmann
        Jeffrey W. Herrmann
        A Member of the Firm

Dated: May 1, 2023

## CERTIFICATION PURSUANT TO R. 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future.

/s/Jeffrey W. Herrmann
Jeffrey W. Herrmann

DATED: May 1, 2023

13

## CERTIFICATION PURSUANT TO R.4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or pending in any arbitration proceeding, that no such other action or arbitration proceeding is contemplated and that no other parties should be joined in this action.

/s/Jeffrey W. Herrmann
Jeffrey W. Herrmann

DATED:  May 1, 2023

14

# Civil Case Information Statement

CAMDEN PRESENT COURT DOCKET L-002292-23

**Case Caption:** COUNTY CONCRETE CORP ORATION VS BRAMSHILL INVEST

**Case Initiation Date:** 05/01/2023

**Attorney Name:** JEFFREY W HERRMANN

**Firm Name:** COHN LIFLAND PEARLMAN HERRMANN & KNOPF

**Address:** PARK 80 WEST - PLAZA ONE 250 PEHLE AVE STE 401

SADDLE BROOK NJ 07663

**Phone:** 2018459600

**Name of Party:** PLAINTIFF : County Concrete Corporation

**Name of Defendant's Primary Insurance Company (if known):** Unknown

**Case Type:** COMPLEX COMMERCIAL

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** County Concrete Corporation ? NO

**Are sexual abuse claims alleged by: John Crimi?** NO

**Are sexual abuse claims alleged by: John Crimi?** NO

**Are sexual abuse claims alleged by: Tracey Crimi?** NO

THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Business

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

05/01/2023                                                          /s/ JEFFREY W HERRMANN
Dated                                                              Signed

# EXHIBIT B

## AFFIDAVIT OF SERVICE

| Case:<br>L-2292-<br>23 | Court:<br>Superior Court of New Jersey Bergen County Law<br>Division | County:<br>Bergen | Job:<br>8819242 (233611) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>County Concrete Corporation, John Crimi, et al. | | Defendant / Respondent:<br>Bramshill Investments, LLC, Capitale Investments, LLC et al. | |
| Received by:<br>Colorado Professional Process Service | | For:<br>Callahan Lawyers Service | |
| To be served upon:<br>MG TrustCompany d/b/a Matrix Trust Company | | | |

I, David Cordes, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   MG TrustCompany d/b/a Matrix Trust Company, Corporate: 1900 W Littleton Blvd, Littleton, CO 80120

**Manner of Service:**   Registered Agent, May 4, 2023, 10:34 am MDT

**Documents:**   CIVIL ACTION SUMMONS, CIVIL ACTION COMPLAINTA N DDEMAND FOR JURY, CASE INFORMATION SHEET (Received May 3, 2023 at 12:00am MDT)

**Additional Comments:**
1) Successful Attempt: May 4, 2023, 10:34 am MDT at Corporate: 1900 W Littleton Blvd, Littleton, CO 80120 received by MG TrustCompany d/b/a Matrix Trust Company.
Cole Stender, Clerk for Registered Agent Corporation Service Company, served via intake basket as is procedure at this office.


_____        **4/5/2023**

David Cordes                                      Date

Colorado Professional Process Service

303-937-1349

# EXHIBIT C

**GENOVA BURNS LLC**
Lawrence Bluestone, Esq. (011752008)
Christopher Manley, Esq. (363932022)
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
*Attorneys for Defendant Matrix Trust Company*
*f/k/a MG Trust Company*

| | |
|---|---|
| COUNTY CONCRETE CORPORATION UNION PENSION PLAN FOR HOURLY EMPLOYEES, JOHN CRIMI, *individually and as Trustee of the County Concrete Corporation Union Pension Plan for Hourly Employees*, and TRACEY CRIMI,<br><br>Plaintiffs,<br><br>v.<br><br>BRAMSHILL INVESTMENTS, LLC, CAPITALE INVESTMENTS LLC, JOHN KITTANEH and MG TRUST COMPANY, d/b/a MATRIX TRUST COMPANY,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: Bergen County<br><br>Docket No.: BER-L-2292-23<br><br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL** |

TO:   Clerk
      Superior Court of New Jersey
      Law Division, Bergen County
      Bergen County Justice Center
      10 Main Street
      Hackensack, New Jersey 07601

      Jeffrey W. Herrmann, Esq.
      Joseph B. Brown, Esq.
      Cohn Lifland Pearlman Herrmann & Knopf LLP
      Park 80 West – Plaza One
      250 Pehle Ave., Ste. 401
      Saddle Brook, New Jersey 07663
      *Attorneys for Plaintiffs*

In accordance with 28 U.S.C. § 1446(d), Defendant MG Trust Company, d/b/a Matrix Trust company respectfully files a copy of its Notice of Removal of this action to the United States District Court for the District of New Jersey (the "Notice").  The Notice has been filed in the United States District Court, and a copy of the Notice is attached hereto as **Exhibit A.**

In accordance with 28 U.S.C. § 1446(d), the filing of the copy of this Notice effectuates the removal of this action from this Court to the United States District Court, and "the State Court shall proceed no further unless and until this case is remanded."

Dated: June 2, 2023                    Respectfully submitted,

_/s/ Lawrence Bluestone_
Lawrence Bluestone, Esq.
Christopher Manley, Esq.
GENOVA BURNS LLC
494 Broad Street
Newark, New Jersey 07102
Tel: (973) 533-0777
Fax: (973) 533-1112
_Attorneys for Defendant Matrix Trust Company_
_f/k/a MG Trust Company_

2

## <u>CERTIFICATE OF SERVICE</u>

I, Lawrence Bluestone, Esq., hereby certify that on this date I served the foregoing on

all parties by causing a true and correct copy thereof to be served electronically through the

Court's electronic filing system, as follows:

> Jeffrey W. Herrmann, Esq.
> Joseph B. Brown, Esq.
> Cohn Lifland Pearlman Herrmann & Knopf LLP
> Park 80 West – Plaza One
> 250 Pehle Ave., Ste. 401
> Saddle Brook, New Jersey 07663

Dated: June 2, 2023                    */s/ Lawrence Bluestone*
                                        Lawrence Bluestone, Esq.